IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00465-BNB

MARK A. LACHNEY,

     Plaintiff,

v.

MESA COUNTY SHERIFF'S DEPT.,
SHERIFF STAN HILKEY,
CAPTIAN [sic] FARLOW,
CORRECTIONAL HEALTH CARE MANAGMENT [sic],
DOCTOR HOLMES,
SUSAN GRIMSBY,
LIEUTENANT CRAIG MILLER, and
LIEUTENANT DOUGHERTY,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 8 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Mark A. Lachney, currently is incarcerated at the Mesa County

Detention Facility in Grand Junction, Colorado. He has filed ***pro se*** a Prisoner

Complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He

asks for declaratory and injunctive relief and for money damages. He has been granted

leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915. On March 20,

2009, he moved for leave to file an amended complaint to add two defendants, whose

addresses he fails to provide, and for the appointment of counsel. Because, for the

reasons stated below, the Court will order Mr. Lachney to file an amended complaint,

the motion to file an amended complaint will be denied as unnecessary. The motion for

the appointment of counsel will be denied as premature.

The Court must construe the complaint liberally because Mr. Lachney is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Lachney has filed a poorly organized, forty-two-page complaint challenging a multitude of conditions of his confinement.  For example, he complains about his medical treatment, his placement in a disciplinary pod for filing grievances, generally being harassed and retaliated against, the confiscation of his legal and personal property, a missing commissary purchase, having to sleep on concrete one night until his confiscated mattress was returned the next day, the confiscation of his only decent towel, not being responded to when he activated his emergency intercom buzzer, being required to eat at a different table than the one at which he had eaten for three months, and the return of his tax refund to the Internal Revenue Service as undeliverable, among other complaints.  However, he fails to allege exactly what each defendant did to violate his constitutional rights and which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Lachney must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her

2

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Lachney may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Lachney uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. He must also provide the address for each named defendant.

The amended complaint Mr. Lachney is directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity

3

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the

requirements of Rule 8.

As previously noted, Mr. Lachney's complaint is verbose.  He must assert, simply

and concisely, his specific claims for relief, including the specific rights that allegedly

have been violated and the specific acts of each defendant that allegedly violated his

rights.  In order for Mr. Lachney "to state a claim in federal court, a complaint must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158,

1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that the motion for an amended complaint that Plaintiff, Mark A.

Lachney, filed on March 20, 2009, is denied as unnecessary.  It is

FURTHER ORDERED that the motion for the appointment of counsel is denied

as premature.  It is

FURTHER ORDERED that Mr. Lachney file **within thirty (30) days from the**

**date of this order** an amended complaint that complies with this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lachney, together

with a copy of this order, two copies of the following form to be used in submitting the

4

amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Lachney fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 8, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00465-BNB

Mark A. Lachney
Prisoner No. 238595
Mesa County Detention Facility
P.O. Box 20,000-5017
Grand Junction, CO 81502

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 4/8/09

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk