IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00465-BNB

MARK A. LACHNEY,

    Plaintiff,

v.

MESA COUNTY SHERIFF'S DEPT.,
SHERIFF STAN HILKEY,
CAPTIAN [sic] FARLOW,
CORRECTIONAL HEALTH CARE MANAGMENT [sic],
DOCTOR HOLMES, and
SUSAN GRIMSBY,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mark A. Lachney is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He was incarcerated at the Mesa County Detention Facility in Grand Junction, Colorado, when he filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), asking for declaratory and injunctive relief and for money damages. He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On April 8, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Lachney to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleged each Defendant's

personal participation in the asserted claims. On April 22, 2009, the order was remailed to Mr. Lachney at his then-current address at the Denver Reception and Diagnostic Center. On May 26, 2009, Mr. Lachney filed an amended complaint indicating that he currently is incarcerated at the Fremont Correctional Facility.

The Court must construe the amended complaint liberally because Mr. Lachney is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Lachney fails to use the prisoner complaint form in the way it was intended and in the way he was directed. Rather than provide background on the nature of the case in the section provided, he refers the Court and Defendants to the section on the nature of the case in the complaint he originally filed. *See* amended complaint at 3. He takes the same approach with the discussion of his previous lawsuits, *see id.* at 7, and of the relief he seeks. *See id.* at 8. Rather than assert specific claims in the amended complaint, he refers to a seventeen-page attachment titled "D. Cause of Action" in which he again challenges the conditions of confinement at the Mesa County Detention Facility, raising issues similar to those he raised in the complaint he originally filed, only in a somewhat more concise and organized manner. However, the amended complaint Mr. Lachney filed still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

As Magistrate Judge Boland informed Mr. Lachney in the April 8, 2009, order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically pointed out that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland also pointed out in the April 8, 2009, order that Mr. Lachney must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Lachney "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

The amended complaint Mr. Lachney has filed is neither simple, concise, nor direct. Rather than summarizing each claim succinctly, Mr. Lachney apparently expects the Court to piece together allegations from the complaint he originally filed with allegations in the amended complaint. That is not a judicial function. It is Mr. Lachney's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See* ***Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Mr. Lachney may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 23 day of June, 2009.

BY THE COURT:

_/s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00465-BNB

Mark A. Lachney
Prisoner No. 145627
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk